**COURTESY COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER JALBERT, individually and on behalf of all others similarly situated, Plaintiffs, v. GRADUATE LEVERAGE, LLC and DANIEL THIBEAULT, Defendants. | Civil Action No. 1:15-cv-10452-NMG |

### [PROPOSED] ORDER GRANTING CLASS CERTIFICATION, AUTHORIZING NOTICE, AND SCHEDULING AN ASSESSMENT OF DAMAGES HEARING

This matter comes before the Court as a putative class action alleging violations of the Fair Labor Standards Act, 29 U.S.C., §§ 201, et seq. ("FLSA"), the Massachusetts Wage Act, G. L. c. 149, §§ 148 and 150, and common law claims of quantum meruit; wherein a default has entered against both defendants Graduate Leverage, LLC ("GL") and Daniel Thibeault (collectively "Defendants"). Plaintiff has filed a motion seeking class certification, an order authorizing notice to members of the Class, and a default judgment against the Defendants. The Court has reviewed the motion and supporting materials and hereby ORDERS as follows:

1. Pursuant FED. R. CIV. P. 23 and 29 U.S.C., § 216(b), the Court hereby certifies the Action as a class action. There shall be two Subclasses, including: (1) the FLSA Subclass; and (2) the Wage Act Subclass.

2. Class certification is GRANTED to the FLSA Subclass, defined as: "**all current and former United States based employees of Graduate Leverage, LLC who did not receive payment of earned salary or wages from November 1, 2014 through the present.**"

3. Class certification is also GRANTED to the Wage Act Subclass pursuant to G. L.

**COURTESY COPY**

c. 149, § 150 and FED. R. CIV. P. 23. The Wage Act Subclass shall be defined as: "**all current and former Massachusetts based employees of Graduate Leverage, LLC who did not receive payment of any earned compensation including salary, wages, commissions, bonuses, expenses, earned time off, or vacation pay from November 1, 2014 through the present.**"

4. The Court concludes that the requirements of FED. R. CIV. P. 23 have been met.

(a) The members of the Class are so numerous that separate joinder of each member is impracticable;

(b) Plaintiff's claims raise questions of law and fact common to the questions of law or fact raised by the claims of each member of the Class;

(c) Plaintiff's claims are typical of the claims of the members of the Class for settlement purposes because their claims arise from the same factual events and legal theories;

(d) Plaintiff and Class Counsel can fairly and adequately protect and represent the interests of the Class and there are no conflicts of interest among members of the Class;

(e) Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

(f) A class action is superior to other available methods for the fair and efficient resolution of the controversy presented by the Litigation.

5. The Court appoints Joshua N. Garick, Esq. of the Law Offices of Joshua N. Garick, P.C. as "Class Counsel" pursuant to FED. R. CIV. P. 23(g). Class Counsel has extensive knowledge in litigating wage and hour class actions such as this, is familiar with the complex factual and legal questions at issue in this Litigation, and will adequately represent the Plaintiff and members of the Class in a comprehensive and vigorous manner.

6. The Court appoints Jennifer Jalbert as "Class Representative" in both the FLSA Subclass and the Wage Act Subclass. She, together with Class Counsel, is hereby authorized to

**COURTESY COPY**

act on behalf of member of the Class with respect to the Litigation.

7. The Court approves, as to form and content, the Notice and Claim Form, and authorizes their distribution, finding that the mailing and distribution of the Notice and Claim Form in the manner requested meets the requirements of FED. R. CIV. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

8. Class members wishing to opt-out of the Wage Act Subclass for purposes of FED. R. CIV. P. 23 shall sign and timely mail a written, signed request for exclusion to Class Counsel clearly expressing his or her desire and manifesting his or her intent to be excluded from the Class and comply with the requirements in the Notice, including providing his or her name, address, and telephone number. To be effective, said request for exclusion must be postmarked on or prior to the deadline set forth in the Notice. Members of the FLSA Subclass must "opt-in" by submitting a Claim Form and otherwise complying with the requirements in the Notice. To be effective, said request to "opt-in" to the FLSA Subclass must be postmarked on or prior to the deadline set forth in the Notice.

9. Defendants shall provide Plaintiff with a list of all current and/or former employees of Graduate Leverage, LLC from November 1, 2014 through the present, including the names, last known addresses, and a list of the form and amounts of compensation owed to each member of each Subclass. The Defendants shall produce this list to Class Counsel on or before 5:00 p.m. on ~~Friday, May 1~~ Monday, June 1, 2015. *NMG*

10. Should Defendants fail to provide Plaintiff with the information set forth in paragraph 9, above, the Defendant is ORDERED to appear at a hearing before this Court to show cause as to why they should not be held in Contempt of Court. This Show Cause Hearing shall

**COURTESY COPY**

be scheduled for **Monday, June 15**, 2015, at **3:00** a.m./p.m., in Courtroom 4 at the United States District Court for the District of Massachusetts in Boston.

11. An Assessment of Damages Hearing shall be scheduled before this Court on **Monday August 17,** 2015, at **3:00** a.m./p.m., in Courtroom 4 at the United States District Court for the District of Massachusetts in Boston.

IT IS SO ORDERED.

Dated: **May 19, 2015**

_/s/ Nathaniel M. Gorton_
HON. NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE